N.Y.S.D. Case # 15-cv-9056(VM)

16-331-cv
ED Capital, LLC v. Bloomfield Investment Resources Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of August, two thousand sixteen.

Present:   ROSEMARY S. POOLER,
           GERARD E. LYNCH,
           SUSAN L. CARNEY,
                  *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 26, 2016

_____

ED CAPITAL, LLC, ED CAPITAL MANAGEMENT, LLC,

   *Plaintiffs-Appellants*,

              v.                                                                 16-331-cv

BLOOMFIELD INVESTMENT RESOURCES CORP., REUBEN BROTHERS RESOURCES GROUP, RB RESOURCES LIMITED, REUBEN BROTHERS LIMITED,

   *Defendants-Appellees*.

_____

Appearing for Appellants:   Richard J.L. Lomuscio, Drinker Biddle & Reath LLP, New York, NY.

Appearing for Appellees:    Steven Cooper, Reed Smith LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Marrero, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED IN PART, VACATED IN PART, AND REMANDED**.

Plaintiffs-Appellants ED Capital, LLC and ED Capital Management, LLC (collectively, "ED Capital") appeal from the January 7, 2016 judgment of the United States District Court for the Southern District of New York (Marrero, *J.*), dismissing their complaint against defendants-appellees Bloomfield Investment Resources Corp., Reuben Brothers Resources Group, RB Resources Limited, and Reuben Brothers Limited (collectively, "Bloomfield") for lack of standing. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's dismissal for lack of standing de novo. *See Baur v. Veneman*, 352 F.3d 625, 631 (2d Cir. 2003). "Because standing is challenged on the basis of the pleadings, we accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008) (internal quotation marks omitted).

To establish Article III standing, a plaintiff must allege (1) "an 'injury in fact' . . . which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical,'" (2) that the injury is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court," and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (alterations, citations, footnote, and some internal quotation marks omitted).

The district court dismissed ED Capital's complaint because, in the district court's view, "[t]he basis of ED Capital's claim [was] injury 'flowing to' it as a result of [Bloomfield's] legal action against [United Meat Group ("UMG")] in the Netherlands." *ED Capital, LLC v. Bloomfield Inv. Res. Corp.*, No. 15 Civ. 9056 (VM), 155 F. Supp. 3d 434, 447 (S.D.N.Y. January 5, 2016). According to the district court, ED Capital "ha[d] not alleged any way in which its own rights ha[d] been violated by Bloomfield." *Id.* And because "[d]erivative or indirect injuries of the type alleged by ED Capital are not cognizable as grounds for standing," the court held that it "d[id] not have subject matter jurisdiction over ED Capital's claims and [had to] dismiss its complaint under Rule 12(b)(1)."[1] *Id.*

We disagree with the district court that ED Capital's complaint alleged only "derivative" or "indirect" injuries "flowing to" it as a result of Bloomfield's legal action against UMG. ED

---

[1] In holding that the district court erred in concluding that ED Capital lacked constitutional standing to bring its contract and tort claims, we express no view as to whether those claims are plausibly pleaded or could withstand a motion to dismiss for failure to state a claim. We hold only that, whether or not these claims have merit, they are ED Capital's own claims. Thus, ED Capital has Article III standing to bring them.

2

Capital's complaint asserted four substantive claims: (1) prima facie tort, (2) abuse of process, (3) breach of contract, and (4) indemnification. The claim for prima facie tort alleged that Bloomfield "intentionally inflicted harm on [ED Capital] by filing the baseless and frivolous Dutch Action," that Bloomfield possessed a "malevolent desire to harm [ED Capital]," and that "[ED Capital] ha[d] suffered special damages," including "increased borrowing costs because of the threat Bloomfield's lawsuit pose[d] to [ED Capital's] credit and ongoing viability . . . [and] quantifiable harm to [ED Capital's] reputation in the financial community and corresponding ability to attract new investors and maintain current investors." App'x at 27-28. These are not allegations of "[i]ndirect injury suffered as a result of the violation of a third party's rights," *ED Capital, LLC*, 155 F. Supp. 3d at 447, but instead are allegations of a direct injury to ED Capital arising out of an alleged violation of ED Capital's own right not to be harmed intentionally without excuse or justification. *See Chen v. United States*, 854 F.2d 622, 627-28 (2d Cir. 1988) (setting forth the elements of a claim of prima facie tort under New York law). Because ED Capital seeks to vindicate its own rights, this case is distinguishable from those where we have found standing lacking because a plaintiff asserted only injuries to third parties. *See, e.g.*, *W.R. Huff Asset Mgmt. Co.*, 549 F.3d at 107, 110-111 (holding that investment advisor lacked standing to bring suit on behalf of its clients where investment advisor "ha[d] not alleged in its complaint that it suffered any injury" but rather "the alleged injury was suffered by [the investment advisor's] clients").

Similarly, ED Capital's claim for abuse of process alleged that Bloomfield filed the Dutch Action "with intent to do harm to . . . ED Capital, . . . without excuse or justification . . . to achieve a collateral objective that is outside the legitimate ends of process," and that, as a result of Bloomfield's actions,"[ED Capital] ha[d] suffered damages." App'x at 27. The complaint explains that these damages included "tremendous reputational harm to . . . ED Capital," App'x at 23, and alleges that the Dutch Action presents "an existential threat to [ED Capital's] abilit[y] to function as [a] going concern[]," App'x at 26. Again, these are claims of direct injury to ED Capital arising out of an intentional tort allegedly committed by Bloomfield against ED Capital. Such allegations are sufficient to support ED Capital's standing under Article III.

ED Capital also alleges that it has suffered damages as a result of Bloomfield's breach of the Synergy Hybrid Fund Subscription Agreement (the "Subscription Agreement") and the Synergy Hybrid Fund, Ltd. Confidential Private Placement Memorandum (the "Memorandum") and its failure to indemnify ED Capital pursuant to the Subscription Agreement. App'x at 12, 29-31. The district court did not specifically address ED Capital's standing to bring these breach of contract and indemnification claims. Rather, it dismissed all of ED Capital's claims on the ground that it had failed to allege a direct injury. As explained above, however, this was error, as the complaint contains numerous allegations of direct injury to ED Capital distinct from injury to any third party. We therefore vacate the district court's dismissal of the breach-of-contract and indemnification claims as well.[2]

---

[2] On appeal, Bloomfield defends the district court's dismissal of these claims on the alternative ground that ED Capital is not a party to the Subscription Agreement or the Memorandum. ED Capital contends that it may nonetheless enforce those agreements because it was an intended third-party beneficiary of them. *See, e.g.*, *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 86 (2d Cir. 2014); *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 124 (2d Cir.

3

Finally, the district court dismissed ED Capital's declaratory judgment claim for lack of standing. For the reason set forth above, that was error. In the alternative, however, the district court weighed the discretionary factors relevant to declaratory relief and determined that it would not, in the exercise of its discretion, entertain the declaratory judgment action in any event. *See N.Y. Times Co. v. Gonzales*, 459 F.3d 160, 167 (2d Cir. 2006). We detect no legal error or abuse of discretion in that ruling. Accordingly, we affirm the district court's dismissal of the declaratory judgment claim.

For the foregoing reasons, the judgment of the district court hereby is AFFIRMED IN PART, VACATED IN PART, AND the case REMANDED for further proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

2005). Because the district court did not address this argument below, we leave it to the district court to address it in the first instance on remand. *See Farricielli v. Holbrook*, 215 F.3d 241, 246 (2d Cir. 2000) ("It is our settled practice to allow the district court to address arguments in the first instance

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4