# ReedSmith

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Steven Cooper**
Direct Phone:  +1 212 205 6027
Email:  scooper@reedsmith.com

January 24, 2017

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/30/17

**Via Overnight Courier**

The Honorable Victor Marrero
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

**Re: ED Capital, LLC & ED Capital Management, LLC v. Bloomfield Investment Resources Corp., et al., Index No. 15-cv-9056 (VM)**

Dear Judge Marrero:

We write on behalf of defendants Bloomfield Investment Resources Corp., Reuben Brothers Resources Group, RB Resources Limited, and Reuben Brothers Limited (collectively, the "Defendants") in the above-referenced action in response to Plaintiffs' letter, dated January 17, 2017 (the "January 17th Letter"), and in connection with the parties' telephone conference with Your Honor scheduled for January 26, 2017 at 2:30 p.m. Plaintiffs have opted not to submit a brief in opposition to Defendants' Motion to Dismiss the Complaint, filed on December 1, 2016 (the "Motion"), and instead Plaintiffs opted to write the January 17th Letter, and have purported to file a First Amended Complaint. For the reasons discussed below, Plaintiffs' request to amend the complaint should be denied, and Defendants' Motion should be granted.

*First*, Defendants' Motion based on Plaintiffs' failure to state a claim is valid and appropriate given that the matter went to the Second Circuit and was affirmed and reversed, in part. It was expressly contemplated in the Second Circuit's Summary Order, dated August 26, 2016, which stated, among other things, that "we express no view as to whether those claims … could withstand a motion to dismiss for failure to state a claim." This Motion is also appropriate given that this Court relied entirely on Rule 12(b)(1) of the Federal Rules of Procedure in its Decision and Order, dated January 5, 2016, without addressing the Rule 12(b)(6) grounds for dismissal. Finally, it is well-settled that successive 12(b)(6) motions are allowed "if the pending motion is not interposed for delay and its consideration will expedite the disposition of the case on the merits." *Clark Street Wine and Spirits v. Emporos Sys. Corp.*, 754 F. Supp. 2d 474, 480 (E.D.N.Y. 2010).[1]

---

[1] After filing the Motion, Your Honor's law clerk called Defendants' counsel to ask if, prior to filing the Motion, Defendants had communicated with the Plaintiffs about the pleading deficiencies Defendants raised in their Motion. When the circumstances of the appeal and decision of the Second Circuit were explained, the Court did not suggest that a conference would be necessary. The stipulation, dated December 12, 2016 (the "Stipulation"), setting forth the briefing schedule for the Motion upon which the parties agreed was so ordered by this Court on December 15, 2016.

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MUNICH ♦ NEW YORK ♦ PARIS
PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

The Honorable Victor Marrero
January 24, 2017
Page 2

**ReedSmith**

*Second*, instead of addressing Defendants' strong arguments in favor of dismissal, Plaintiffs have purported to file a First Amended Complaint. In their First Amended Complaint, Plaintiffs' have not cured the deficiencies that the Defendants have raised, and any further attempt at amendment would be futile. Plaintiffs principally now purport to (i) amend their deficient allegations of special damages in connection with their abuse of process and prima facie tort claims, (ii) admit that they are not parties to the Subscription Agreement and Private Placement Memorandum and claim that they nonetheless have a right to enforce those documents pursuant to the "collateral contract doctrine" under Cayman Islands law, and (iii) add a new claim for promissory estoppel.

Plaintiffs' First Amended Complaint still fails to satisfy the high bar for stating claims for abuse of process and prima facie tort; among other things, Plaintiffs still allege purported approximations of damages, without itemization containing sufficient particularity to identify actual losses. They have also failed to plead how the alleged damages are causally related to the alleged tortious acts. This does not suffice to properly plead special damages, as explained in Defendants' Motion. Nor have Plaintiffs met the other pleading requisites for those claims as outlined in the Motion. Plaintiffs have no legitimate challenge to Defendants' expert on Cayman Islands law who concluded that Plaintiffs cannot, as a matter of Cayman Islands law, pursue claims against the Defendants which have at their core reliance on any terms of the Subscription Agreement or the Private Placement Memorandum. As explained in the Motion, the Subscription Agreement and Private Placement Memorandum do not create any relationship between Bloomfield and Plaintiffs, and Plaintiffs are not third party beneficiaries under Cayman Islands law. Nor is there any collateral contract between Bloomfield and Plaintiffs. The only alleged promises are those contained in the Subscription Agreement and Private Placement Memorandum to which Plaintiffs are not parties.

Realizing that their contractual claims must fail, Plaintiffs now purport to add the new alternative claim for promissory estoppel, which also lacks merit. The addition of a quasi-contractual claim for promissory estoppel is yet another attempt by Plaintiffs to sidestep the critical fact that the Subscription Agreement is between Bloomfield and the Cayman Islands Fund, which cannot bring a case against Defendants in New York (i.e. Plaintiffs' desired forum) because there would be no diversity jurisdiction. Again, Plaintiffs point only to the promises in the Subscription Agreement and Private Placement Memorandum which were not made to Plaintiffs, and, among other things, Plaintiffs do not plead how they changed position in reasonable reliance on the alleged promises in those documents. Accordingly, Defendants respectfully request that the Court reject Plaintiffs' request to add a claim for promissory estoppel against Defendants. If the Court considers Plaintiffs' request to pursue a claim for promissory estoppel, Defendants respectfully request Plaintiffs be required to brief the reasons and controlling authority that support such a claim.

*Third*, if Plaintiffs intended to raise any objection to Defendants' filing of the Motion, Plaintiffs could have written to the Court after the Motion was made, or filed an opposition brief. Instead, Plaintiffs executed the Stipulation and waited to challenge the motion practice by letter along with filing a purported First Amended Complaint, which as discussed above, fails to cure the pleading deficiencies in the original complaint. This is telling as it is an obvious attempt by Plaintiffs to avoid addressing Defendants' arguments and to prolong this needless litigation.

The Honorable Victor Marrero  **ReedSmith**
January 24, 2017
Page 3

     Defendants respectfully request that the Court grant the Motion. To this end, Defendants submit that Plaintiffs' claims for abuse of process (Count III), prima facie tort (Count IV), breach of contract (Count V), indemnification (Count VI), and prejudgment attachment (Count VII)[2] should be dismissed on the grounds already set forth in the Motion. Alternatively, should Defendants be compelled to move a second time, the Defendants should be awarded fees and costs associated with its Motion given that their arguments will be the same.

     Thank you for Your Honor's attention to this matter.

Respectfully submitted,

*Steven Cooper /pm*

Steven Cooper

cc:    Plaintiffs' Counsel (Via Overnight Courier)

---

The Clerk of Court is directed to enter into the public record of this action, the letter above submitted to the Court by *Defendant*.

SO ORDERED.

1-30-17
DATE    VICTOR MARRERO, U.S.D.J.

---

[2] The references to the Counts are those in the original complaint as Plaintiffs purport to change the numbering in the First Amended Complaint.